IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GREGG D. MCCAIN, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-112-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Gregg D. McCain, TDCJ-CID #722669, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.   **PROCEDURAL HISTORY**

On July 21, 1995, pursuant to a plea agreement, McCain pled guilty to felony driving while intoxicated and was sentenced to ten years' confinement in Case No. 0561462D in the Criminal District Court Number Three of Tarrant County, Texas. (State Habeas R. at 35.)[1] McCain was subsequently released on mandatory supervision but was returned to custody on June 11, 2002. (Resp't Motion to Dismiss, Exhibit A.) McCain was released a second time on parole but was returned to custody on July 26, 2005, in violation of parole with new criminal charges. (*Id.*) Upon revocation, TDCJ forfeited McCain's previously accrued good time and denied McCain credit for the time he spent on release, "street time" due to his not meeting mid-point calculations. (*Id.*) McCain remains incarcerated with a projected release date of August 2, 2007, and a December 3, 2001, maximum expiration date. (*Id.*)

On August 28, 2006, McCain filed a time credit dispute resolution form with TDCJ concerning his time calculation, which remained pending as of May 3, 2007. (*Id.*) On December 18, 2006, McCain filed a state habeas application, raising the claim presented herein. *See Ex Parte McCain*, Application No. WR-66,624-01. The state application was dismissed by the Texas Court of Criminal Appeals based on § 501.0081 of the Texas Government Code on January 24, 2007. *Id.*,

---

[1] "State Habeas R." refers to the state court record of McCain's relevant state habeas application, Application No. WR-66,624-01.

at cover. TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[2] McCain filed this petition on February 8, 2007.[3]

**D.    ISSUES**

In one ground, McCain claims that TDCJ violated his right to due process by not conducting a hearing prior to depriving him of street time credits and that the deprivation of street time credits has artificially extended his ten-year sentence.[4]  (Petition at 7.)

---

[2] Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

[3] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[4] In his reply to Respondent's motion to dismiss, McCain claims he is challenging the administration of the state habeas proceeding(s). (Pet'r Reply at 2-7.) Such a claim, however, is not cognizable on federal habeas review. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

### E. RULE 5 STATEMENT

Quarterman contends that McCain's claim is unexhausted or, in the alternative, that his petition is time-barred. (Resp't Motion to Dismiss at 3-6.)

### F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole-revocation proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run, *viz.*, the date on

which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008) (not designated for publication in the Federal Reporter); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, McCain could have discovered that TDCJ had denied him credit for the time he spent on parole in calculating his sentence, through the exercise of due diligence, at the very latest on July 26, 2005, or shortly thereafter, when he was returned to TDCJ custody after his parole was revoked. *See Moore v. Dretke*, No. 3:03-CV-2121-R, 2003 WL 22964139 (N.D. Tex. Dec. 2, 2003) (not designated for publication). Thus, the federal statute of limitations began on McCain's time-credit claim on July 26, 2005, and closed one year later on July 26, 2006, subject to any applicable tolling.

McCain is not entitled to statutory tolling. His state habeas application filed on December 18, 2006, after the federal limitations period had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Similarly, the fact that McCain pursued time credit dispute resolution as mandated by § 501.0081 of the Texas Government Code does not entitle him to statutory tolling because he did not pursue his administrative remedy until after limitations had already expired. *See Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief);

5

*Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002) (allowing for equitable tolling during pendency of appeal process for challenges to disciplinary actions).

Nor has McCain alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner's ignorance of the law and pro se status do not justify equitable tolling. (Pet'r Reply at 10.) *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

McCain's federal petition was due on or before July 26, 2006. Accordingly, his petition filed on February 8, is untimely.

## II.  RECOMMENDATION

It is therefore recommended that McCain's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 21, 2006. The United States District Judge need only make

a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 22, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 1, 2007.

        /s/  Charles Bleil
    CHARLES BLEIL
    UNITED STATES MAGISTRATE JUDGE